**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**James Edward C.,**
**Petitioner Below, Petitioner**

**vs.)    No. 20-0899** (Marion County 20-C-76)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner James Edward C. appeals the September 30, 2020, order of the Circuit Court of Marion County denying his petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Patrick Morrisey and Katherine M. Smith, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is forty-three years old. In February of 2012, petitioner was indicted in the Circuit Court of Marion County on four counts of first-degree sexual assault and ten counts of sexual abuse by a parent, guardian, or custodian. As alleged in the indictment, petitioner sexually abused three minor members of his family from approximately 1997 to 2011. Petitioner's daughter

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

was three years old at the time of her abuse, petitioner's niece was two years old at the time of her abuse, and petitioner's stepdaughter was fourteen years old at the time of her abuse. As found by the circuit court in its September 30, 2020, order, "[i]n a recorded interview with [law enforcement], [petitioner] made admissions to the allegations."

At a February 13, 2013, plea hearing, pursuant to a plea agreement, petitioner pled guilty to two counts of first-degree sexual assault and one count of sexual abuse by a parent, guardian, or custodian. In exchange, the State dismissed the remaining counts of the indictment. The circuit court found in its order that "[petitioner] was informed of his rights and that[,] by entering his pleas[,] he was waiving any and all pretrial defects with regard to his arrest, the gathering of evidence, prior confessions, and all non-jurisdictional defects in the proceeding." In addition, "[petitioner] swore under oath that his pleas were made knowingly and voluntarily and that he had no complaints with the manner in which his attorney had represented him in this case." Petitioner further signed a written plea, in which he pled guilty to the relevant counts of the indictment and "waive[d] [his] right to a trial."

At an April 16, 2013, sentencing hearing, the circuit court sentenced petitioner to fifteen to thirty-five years of incarceration on each of the counts of first-degree sexual assault and ten to twenty years of incarceration on the count of sexual abuse by a parent, guardian, or custodian. Given petitioner's discrete offenses over a period of time involving different victims, the circuit court ordered that petitioner's sentences were consecutive to each other.

By order entered on June 28, 2013, the circuit court denied petitioner's request for a reduction of sentence. Petitioner appealed the circuit court's June 28, 2013, order in *State v. James Edward C.*, No. 13-0969, 2014 WL 2404319 (W. Va. May 30, 2014) (memorandum decision), arguing "only that the circuit court erred in ordering that his sentences be served consecutively." *Id.* at *1. This Court in *James Edward C.* rejected petitioner's argument and affirmed the circuit court's order, finding as follows:

> Petitioner herein makes no argument that his sentence is based upon an impermissible factor. Moreover, he specifically notes that his sentence is not unconstitutionally disproportionate and is within statutory limits. Based on the record, we find no error by the circuit court. Petitioner victimized at least three children, all of whom were very young. The crimes occurred over a period of more than a decade. Further, petitioner's plea resulted in a much lesser sentence than the sentences for the crimes for which he was indicted. Therefore, this Court finds no error or abuse of discretion.

*Id.* at *2.

On June 17, 2020, petitioner filed a petition for a writ of habeas corpus, alleging ineffective assistance of counsel and disproportionate sentences.[2] By order entered on September 30, 2020,

---

[2]In a single sentence of petitioner's habeas petition, he further "assert[ed] those additional (continued . . .)

2

the circuit court found that, after reviewing the habeas petition and the record before it, both grounds of relief were without merit and that an evidentiary hearing and appointment of counsel were unnecessary. Accordingly, the circuit court denied the habeas petition.

Petitioner now appeals the circuit court's September 30, 2020, order denying the habeas petition. This Court reviews a circuit court's order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Furthermore,

> [a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner argues that the circuit court erred in denying the habeas petition without a hearing and appointment of counsel. Respondent counters that the circuit court properly denied the petition. We agree with respondent and conclude that, pursuant to Syllabus Point 1 of *Perdue* and for the reasons set forth below, the circuit court committed no error in denying the habeas petition without a hearing and appointment of counsel.[3]

---

grounds which may become evident upon further investigation of this matter." We find that the circuit court properly declined to address unspecified grounds due to a lack of detailed factual allegations. *See Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981) ("A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing.").

[3]Petitioner asks this Court to overrule Syllabus Point 1 of *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973), arguing that appointment of counsel was statutorily required. Initially, we note that, as a matter of constitutional law, "there is no right to counsel in collateral proceedings." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Here, petitioner argues that the West Virginia post-conviction habeas corpus statute, West Virginia Code §§ 53-4A-1 through 53-4A-11, and the West Virginia Public Defender Services Act, West Virginia Code §§ 29-21-1 through 29-21-21, conflict over whether appointment of counsel is required in habeas proceedings. (continued . . .)

In arguing that trial counsel was ineffective in failing to prepare petitioner's case for trial and to retain an expert to evaluate the veracity of the victims' accusations of sexual abuse, petitioner acknowledges that he was convicted due to his guilty pleas. This Court employs a specific test for reviewing ineffective assistance claims in cases where the defendant pled guilty:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

> . . . .

> In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pts. 3 and 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). "Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim." *Id.* at 17, 528 S.E.2d at 213 (citing *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 321, 465 S.E.2d 416, 423 (1995)).

Here, we find that petitioner failed to allege that, but for trial counsel's purported errors, he would have insisted on going to trial. Rather, in the habeas petition, petitioner creates the false impression that he was convicted following a trial as he claims that "[t]he primary evidence presented by the State was the uncorroborated statements or testimony of the alleged victims." To the contrary, petitioner pled guilty to the counts of the indictment specified in the plea agreement, signed a written plea of guilty, and waived his right to a trial.

In Syllabus Point 2 of *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975), we held that "[a] criminal defendant can knowingly and intelligently waive his constitutional rights, and

---

Respondent counters that the two statutes do not conflict because, while "post-conviction challenges" are "eligible proceedings" pursuant to West Virginia Code § 29-21-2(2), West Virginia Code § 53-4A-4(a) provides that circuit courts have discretion to appoint counsel in specific habeas proceedings. *See* W. Va. Code § 29-21-6(f) (providing that Public Defender Services represents eligible persons in habeas proceedings "upon appointment by a circuit court"). We agree with respondent that there is no conflict between the statutes and decline petitioner's invitation to overrule Syllabus Point 1 of *Perdue*.

when such knowing and intelligent waiver is conclusively demonstrated on the record, the matter is *res judicata* in subsequent actions in *habeas corpus*." *See State v. Greene*, 196 W. Va. 500, 505, 473 S.E.2d 921, 926 (1996) (Cleckley, J., concurring) ("In the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences."). In rejecting petitioner's ineffective assistance claim, the circuit court found, based upon the record before it, that petitioner knowingly and voluntarily entered his guilty pleas after being informed of the rights he was surrendering. Therefore, due to the lack of an allegation that petitioner would have insisted on going to trial instead of pleading guilty, we find that the circuit court properly rejected the ineffective assistance claim without a hearing and appointment of counsel.

In rejecting the claim that petitioner's consecutive sentences were unconstitutionally disproportionate to his offenses, the circuit court relied upon this Court's decision in *James Edward C.* where we rejected petitioner's argument that the circuit court erred in imposing consecutive sentences. 2014 WL 2404319, at *2. As noted above, this Court in *James Edward C.* found that petitioner failed to argue that his sentences were based on an impermissible factor, unconstitutionally disproportionate, or outside statutory limits. *Id.* Therefore, we find that the circuit court properly rejected petitioner's claim of disproportionate sentences without a hearing and appointment of counsel. Accordingly, we conclude that the circuit court properly denied the habeas petition.

For the foregoing reasons, we affirm the circuit court's September 30, 2020, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED**: September 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton